DANIEL G. BOGDEN
United States Attorney
District of Nevada
JARED L. GRIMMER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

MICHAEL STEVEN SANDFORD

        Defendant.

Case No.: 2:16-cr-198-JCM-VCF

**PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (B)**

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Jared L. Grimmer, Assistant United States Attorney, the defendant MICHAEL STEVEN SANDFORD and the defendant's attorney, Brenda Weksler, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

## I.     SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and the defendant MICHAEL STEVEN SANDFORD.   This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada.  It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

1    The Plea Agreement sets forth the parties' agreement regarding criminal

2  charges referenced in the Plea Agreement and applicable sentences, fines,

3  restitution and forfeiture.  It does not control or prohibit the United States or any

4  agency or third party from seeking any other civil or administrative remedies

5  directly or indirectly against the defendant.

6  II.    DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

7        A.    Guilty Plea.  The defendant knowingly and voluntarily agrees to plead

8  guilty to the following charges:

9        Count 2:  Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. §§

10  922(g)(5) and 924(a)(2);

11        Count 3:    Impeding and Disrupting Government Business and Official

12  Functions, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A).

13        B.    Waiver of Trial Rights.  The defendant acknowledges that he has been

14  advised and understands that by entering a plea of guilty he is waiving – that is,

15  giving up certain rights guaranteed to all defendants by the laws and the

16  Constitution of the United States.  Specifically, the defendant is giving up:

17        1.    The right to proceed to trial by jury on all charges, or to a trial

18  by a judge if the defendant and the United States both agree;

19        2.    The right to confront the witnesses against the defendant at

20  such a trial, and to cross-examine them;

21        3.    The right to remain silent at such a trial, with assurance that

22  his silence could not be used against his in any way;

23

2

4.      The right to testify in his own defense at such a trial if he so chooses;

5.      The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.      The right to have the assistance of an attorney at all stages of such proceedings.

C.      Withdrawal of Guilty Plea.  The defendant will not seek to withdraw his guilty pleas after he has entered them in court.

D.      Additional Charges.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any unknown crime of violence as defined by 18 U.S.C. § 16.

III.    ELEMENTS OF THE OFFENSES

Count 2: (Illegal Alien in Possession of a Firearm) The elements of Illegal Alien in Possession of a Firearm under 18 U.S.C. §§ 922(g)(5) and 924(a)(2) are:

First, on or about June 18, 2016, the defendant knowingly possessed a Glock 9mm handgun;

Second, the Glock 9mm handgun had been transported from Austria to the Federal District of Nevada; and

Third, at the time the defendant possessed the Glock 9mm handgun, the defendant was then an alien illegally and unlawfully in the United States.

3

1  *See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.65 (2010).

2  <u>Count 3</u>: (Impeding and Disrupting Government Business and Official

3  Functions) The elements of Impeding and Disrupting Government Business and

4  Official Functions under 18 U.S.C. § 1752(a)(2) and (b)(1)(A) are:

5  First, the defendant knowingly engaged in disorderly or disruptive

6  conduct;

7  Second, with intent to impede or disrupt the orderly conduct of

8  Government business or official functions;

9  Third, the conduct was in, or with such proximity to, a restricted building

10  or grounds where a person protected by the Secret Service was located or was

11  temporarily visiting;

12  Fourth, the conduct was done when, or so that, such conduct, in fact,

13  impeded or disrupted the orderly conduct of Government business or official

14  functions; and

15  Fifth, the defendant used or carried a deadly or dangerous weapon or

16  firearm during and in relation to the offense.

17  IV.   FACTS SUPPORTING GUILTY PLEA

18  A.   The defendant will plead guilty because he is, in fact and under the

19  law, guilty of the crimes charged.

20  B.   The defendant acknowledges that if he elected to go to trial instead of

21  pleading guilty, the United States could prove his guilt beyond a reasonable doubt

22  and establish its right to forfeit the specified property by preponderance of the

23

4

1 | evidence.     The defendant further acknowledges that his admissions and
2 | declarations of fact set forth below satisfy every element of the charged offenses.

3 |      C.     The defendant waives any potential future claim that the facts he
4 | admitted in this Plea Agreement were insufficient to satisfy the elements of the
5 | charged offenses.

6 |      D.     The defendant admits and declares under penalty of perjury that the
7 | facts set forth below are true and correct:

8 |      On June 17, 2016, the defendant entered Battlefield Vegas, a business
9 | located in Las Vegas, Nevada. There the defendant rented a Glock 9mm handgun.
10 | The defendant operated the Glock 9mm handgun at the shooting range, firing
11 | twenty 9mm bullets at a paper target.

12 |      On June 18, 2016, the defendant entered a political rally at the Mystere
13 | Theatre in the Treasure Island Casino, Las Vegas, Nevada.   Speaking at the
14 | political rally was Donald J. Trump (Trump), a major candidate for the office of
15 | President of the United Stated, who was at the time under the protection of the
16 | United States Secret Service.     The rally was then an official function or
17 | Government business of the United States. At the entrance to the theater there
18 | were posters bearing the Secret Service Star stating, "ATTENTION: BY
19 | ENTERING THIS AREA YOU ARE CONSENTING TO A SEARCH OF YOUR
20 | PERSON AND BELONGINGS." The theater entrance was manned by Secret
21 | Service Uniform Division officers bearing clear Secret Service markings.
22 | Individuals attending the rally were required to enter through magnetometers
23 | designed to detect metallic weapons, prior to being allowed entry into the rally. At

1   the rally, during Trump's speech, the defendant approached A.J., a uniformed
2   officer of the Las Vegas Metropolitan Police Department and asked to obtain
3   Trump's autograph. When Officer A.J. gave his verbal reply, the defendant, using
4   both hands, seized the officer's Glock 9mm handgun, possessing the handgun as he
5   attempted to pull it from Officer A.J.'s holster. The defendant's conduct was both
6   disorderly and disruptive to the government business and official functions, and
7   required Secret Service, law enforcement and security personnel to respond to the
8   threat posed by the defendant. The arrest and escort of the defendant from the
9   rally by law enforcement personnel disrupted the speech given by Trump. Officer
10  A.J.'s Glock 9mm handgun had been transported from Austria to Nevada. On June
11  18, 2016, the defendant was illegally in the United States, having overstayed his
12  tourist visa that expired on August 30, 2015.

13  **V.      COLLATERAL USE OF FACTUAL ADMISSIONS**

14          The facts set forth in Section IV of this Plea Agreement shall be admissible
15  against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any
16  purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the
17  facts set forth in Section IV of this Plea Agreement shall be admissible at any
18  proceeding, including a trial, for impeaching or rebutting any evidence, argument
19  or representation offered by or on the defendant's behalf. The defendant expressly
20  waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the
21  use of the facts set forth in Section IV of this Plea Agreement

22

23

6

1    VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS

2          A.    Discretionary Nature of Sentencing Guidelines.    The defendant

3    acknowledges that the Court must consider the United States Sentencing

4    Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's

5    sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the

6    Court has discretion to impose any reasonable sentence up to the maximum term

7    of imprisonment permitted by statute.

8          B.    Offense Level Calculations.    The parties stipulate to the following

9    calculation of the defendant's offense level under the Sentencing Guidelines,

10   acknowledge that these stipulations do not bind the Court, and agree that they will

11   not seek to apply any other specific offense characteristics, enhancements or

12   reductions:

13   Count Two:

14              a. Base Offense Level 14 [USSG §2K2.1(a)(6)]

15              b. The defendant possessed the firearm in connection with another
     felony, resulting in a 4 level enhancement. [USSG §2K2.1(b)(6)(B)]
16
                c. Before any reduction for acceptance of responsibility, the adjusted
17   base offense level calculated by the parties for Count Two is 18.

18   Count Three:

19              a. Base Offense Level 7 [USSG §§ 2B2.3(c)(1) and §2A2.3(a)(1)(7)]

20              b. Before any reduction for acceptance of responsibility, the adjusted
     base offense level calculated by the parties for Count Two is 7.
21
     Combined Offense Level
22
                a. The parties agree that Counts Two and Three are grouped as
23   closely related counts.  Before any reduction for acceptance of responsibility, the

7

adjusted base offense level calculated by the parties for Counts Two and Three is 18.

The defendant acknowledges that the statutory maximum sentence limits the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    Reduction of Offense Level for Acceptance of Responsibility.   Under USSG. §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

8

1    These Sentencing Guidelines provisions, if applied, will result in a total
2    offense level of either 16 (if two-level adjustment applies) or 15 (if two-level
3    adjustment and additional one-level adjustment both apply.)

4    D.    Criminal History Category.   The defendant acknowledges that the
5    Court may base his sentence in part on the defendant's criminal record or criminal
6    history.   The Court will determine the defendant's Criminal History Category
7    under the Sentencing Guidelines.

8    E.    Relevant Conduct.   The Court may consider any counts dismissed
9    under this Plea Agreement and all other relevant conduct, whether charged or
10   uncharged, in determining the applicable Sentencing Guidelines range and
11   whether to depart from that range.

12   F.    Additional Sentencing Information.    The stipulated Sentencing
13   Guidelines calculations are based on information now known to the parties. The
14   parties may provide additional information to the United States Probation Office
15   and the Court regarding the nature, scope, and extent of the defendant's criminal
16   conduct and any aggravating or mitigating facts or circumstances.   Good faith
17   efforts to provide truthful information or to correct factual misstatements shall not
18   be grounds for the defendant to withdraw his guilty plea.

19   The defendant acknowledges that the United States Probation Office may
20   calculate the Sentencing Guidelines differently and may rely on additional
21   information it obtains through its investigation. The defendant also acknowledges
22   that the Court may rely on this and other additional information as it calculates
23   the Sentencing Guidelines range and makes other sentencing determinations, and

9

1 | the Court's reliance on such information shall not be grounds for the defendant to
2 | withdraw his guilty plea.

3 | VII.   APPLICATION OF SENTENCING STATUTES

4 |     A.     Maximum Penalty.   The maximum penalty for Illegal Alien in
5 | Possession of a Firearm under 18 U.S.C. §§ 922(g)(5) and 924(a)(2) is ten years
6 | imprisonment and a fine of $250,000, or both. 18 U.S.C. §§ 922(g)(5) and 924(a)(2).
7 | The maximum penalty for Impeding and Disrupting Government Business and
8 | Official Functions under 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) is ten years
9 | imprisonment and a fine of $250,000, or both. 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A).

10 |     B.     Factors Under 18 U.S.C. § 3553. The Court must consider the factors
11 | set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However,
12 | the statutory maximum sentence and any statutory minimum sentence limit the
13 | Court's discretion in determining the defendant's sentence.

14 |     C.     Parole Abolished.   The defendant acknowledges that his prison
15 | sentence cannot be shortened by early release or parole because parole has been
16 | abolished.

17 |     D.     Supervised Release.   In addition to imprisonment and a fine, the
18 | defendant will be subject to a three-year term of supervised release.   Supervised
19 | release is a period of time after release from prison during which the defendant
20 | will be subject to various restrictions and requirements. If the defendant violates
21 | any condition of supervised release, the Court may order the defendant's return to
22 | prison for all or part of the term of supervised release, which could result in the

23 |

1   defendant serving a total term of imprisonment greater than the statutory
2   maximum prison sentence of one year.

3       E.    Special Assessment.   The defendant will pay a $100.00 special
4   assessment per count at the time of sentencing.

5   VIII. POSITIONS REGARDING SENTENCE

6       A.    The United States will recommend that the Court sentence the
7   defendant within the Sentencing Guidelines range determined by the parties
8   unless the defendant commits any act that could result in a loss of the downward
9   adjustment for acceptance of responsibility. The defendant acknowledges that the
10  Court does not have to follow that recommendation. This Plea Agreement does not
11  require the United States to file any pre- or post-sentence downward departure
12  motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.   Notwithstanding its
13  agreement recommend a sentence within the Sentencing Guidelines range
14  determined by the parties, the United States reserves its right to defend any
15  lawfully imposed sentence on appeal or in any post-conviction litigation.

16      B.    The defendant is free to seek a downward adjustment pursuant to 18
17  U.S.C. § 3553 and USSG § 4A1.3(b)(1) from any sentence the Court may impose.
18  The United States is free to oppose any such arguments.

19  IX.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

20      Before or after sentencing, upon request by the Court, the United States, or
21  the Probation Office, the defendant will provide accurate and complete financial
22  information, submit sworn statements, and/or give depositions under oath
23  concerning his assets and his ability to pay. The defendant will surrender assets

1   he obtained directly or indirectly as a result of his crimes, and will release funds

2   and property under his control in order to pay any fine, forfeiture, or restitution as

3   ordered by the Court

4   **X.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

5   A.   <u>Plea Agreement and Decision to Plead Guilty</u>.   The defendant

6   acknowledges that:

7   (1)   He has read this Plea Agreement and understands its terms

8   and conditions;

9   (2)   He has had adequate time to discuss this case, the evidence,

10  and this Plea Agreement with his attorney;

11  (3)   He has discussed the terms of this Plea Agreement with his

12  attorney;

13  (4)   The representations contained in this Plea Agreement are true

14  and correct, including the facts set forth in Section IV; and

15  (5)   He was not under the influence of any alcohol, drug, or

16  medicine that would impair his ability to understand the Agreement when he

17  considered signing this Plea Agreement and when he signed it.

18  The defendant understands that he alone decides whether to plead guilty or

19  go to trial, and acknowledges that he has decided to enter his guilty plea knowing

20  of the charges brought against him, his possible defenses, and the benefits and

21  possible detriments of proceeding to trial.   The defendant also acknowledges that

22  he decided to plead guilty voluntarily and that no one coerced or threatened his to

23  enter into this Plea Agreement.

12

1      B.   Waiver of Appeal and Post-Conviction Proceedings. The defendant
2  knowingly and expressly waives: (a) the right to appeal any sentence imposed
3  within or below the applicable Sentencing Guideline range as determined by the
4  parties; (b) the right to appeal the manner in which the Court determined that
5  sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal
6  any other aspect of the conviction or sentence and any order of restitution or
7  forfeiture.

8      The defendant also knowingly and expressly waives all collateral challenges,
9  including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the
10  procedure by which the Court adjudicated guilt and imposed sentence, except non-
11  waivable claims of ineffective assistance of counsel.

12      The defendant reserves only the right to appeal any portion of the sentence
13  that is an upward departure or an upward variance from the Sentencing Guideline
14  range determined by the parties.

15      The defendant acknowledges that the United States is not obligated or
16  required to preserve any evidence obtained in the investigation of this case.

17      C.   Removal / Deportation Consequences. The Defendant understands
18  and acknowledges that if he is not a United States citizen, then it is almost certain
19  that he will be permanently removed (deported) from the United States as a
20  consequence of pleading guilty under the terms of this Plea Agreement. The
21  Defendant has also been advised if his conviction is for an offense described in 8
22  U.S.C. § 1101(a)(43), he will be deported and removed from the United States and
23  will not be allowed to return to the United States at any time in the future. The

13

1   defendant desires to plead guilty regardless of any immigration consequences that

2   may result from his guilty plea, even if the consequence is automatic removal from

3   the United States with no possibility of returning.  The defendant acknowledges

4   that he has specifically discussed these removal / deportation consequences with

5   his attorney.

6   **XI.    ADDITIONAL ACKNOWLEDGMENTS**

7          This Plea Agreement resulted from an arms-length negotiation in which

8   both parties bargained for and received valuable benefits in exchange for valuable

9   concessions.  It constitutes the entire agreement negotiated and agreed to by the

10  parties.  No promises, agreements or conditions other than those set forth in this

11  agreement have been made or implied by the defendant, the defendant's attorney,

12  or the United States, and no additional promises, agreements or conditions shall

13  have any force or effect unless set forth in writing and signed by all parties or

14  confirmed on the record before the Court.

15                                        DANIEL G. BOGDEN,
                                          United States Attorney
16

17  DATE _9 SEPT 2016_

18                                        JARED L. GRIMMER
                                          Assistant United States Attorney
19

20  DATE _9/9/16_

                                          BRENDA WEKSLER
                                          Counsel for the Defendant
21

22  DATE _09/09/2016_                     _Michael Sandford_
                                          MICHAEL STEVEN SANDFORD
23                                        Defendant

                                  14